UNITED STATES of America

v.

Murray A. TALENFELD, Burton H. Talenfeld, Edward H. Talenfeld, Earl Belle.

Cr. No. 60–89.

United States District Court
W. D. Pennsylvania.

Dec. 29, 1960.

Thomas Shannon, Asst. U. S. Atty., Pittsburgh, Pa., for United States.

Harold Gondelman, Pittsburgh, Pa., for defendants.

MARSH, District Judge.

On March 14, 1960, the Grand Jury indicted Murray A. Talenfeld, Burton H. Talenfeld, Edward H. Talenfeld and Earl Belle on 38 counts (70 pages), involving alleged violation of Title 18 U.S.C. (1958 edition) § 1341, mail fraud; § 1343, wire fraud; § 2314, transportation of a security taken by fraud; § 1001, making false statements to the Securities & Exchange Commission (S.E.C.); § 371, two conspiracies to violate § 2314 (Counts 9 and 12), two conspiracies to violate § 1001 (Counts 24 and 28), and one conspiracy to violate § 1341 (Count 38); § 2, aiding and abetting 33 of the aforesaid violations; and of Title 15 U.S. C.A. § 78i(a) (2), manipulation of security prices.

The Talenfelds were arrested and now move to dismiss the indictment or, in the alternative, for severance of counts. The indictment will not be dismissed, but the defendants, we think, are entitled to a severance of the various counts as indicated hereafter.

The Government concedes that Counts 30 through 38 should be severed.[1] Of the remaining 29 counts, all the defendants are named in 8 counts; 3 defendants, viz.: Murray A. Talenfeld, Burton H. Talenfeld and Earl Belle, are named in 20 counts; Earl Belle, alone, is named in one count (Count 22). The latter is a fugitive in Brazil and cannot be tried at this time.

Count 9 alleges a conspiracy by all four defendants to violate § 2314 (transportation of a security taken by fraud), the substantive offense being charged in the 8th Count against only three defendants, viz.: Murray A. Talenfeld, Burton H. Talenfeld and Earl Belle, although substantially the same facts are alleged in the 7th Count charging these three defendants with wire fraud. This conspiracy is alleged to have commenced on or about January 11, 1958 and continuing to the return of the indictment on March 14, 1960. Approximately 9 out of 18 overt acts are alleged to have occurred prior to January 11, 1958.

Count 12 alleges a conspiracy by three defendants, viz.: Murray A. Talenfeld, Burton H. Talenfeld and Earl Belle, to violate § 2314 (transportation of a security taken by fraud), the substantive offense being charged in the 11th Count against these three defendants, although substantially the same facts are alleged in the 10th Count charging wire fraud. This conspiracy is alleged to have commenced on or about January 11, 1957 and continuing to March 14, 1960. All 9 overt acts alleged seem to have occurred during the period of the conspiracy.

Count 24 alleges a conspiracy by all four defendants to violate § 1001 (making false statements to the S.E.C.); the substantive offense being charged against all the defendants in Count 23. This conspiracy is alleged to have commenced on or about November 18, 1957 and continued through May 29, 1958.

Count 28 alleges a conspiracy by all four defendants to violate § 1001 (making false statements to the S.E.C.), the substantive offenses being charged against all the defendants in Counts 25 and 27, although substantially the same facts alleged in Count 25 are realleged in Count 26 charging mail fraud. This conspiracy is alleged to have commenced on August 6, 1957 and continued through August 27, 1957.

Count 29 alleges a violation by all the defendants of Title 15 U.S.C.A. § 78i(a) (2) (unlawful manipulation of security prices).

The foregoing recital discloses the complexity of the indictment and is indicative of the difficulties and confusion which would be encountered if the first 29 counts were tried together.

■ Moreover, it is to be observed that the defendant, Edward H. Talenfeld, is not alleged to have participated in any of the offenses charging mail fraud wherein the Peoples Union Bank & Trust Company of McKeesport, Pennsylvania, was the victim (Counts 1 through 5), or wherein the Security National Bank of Huntington, New York, was the victim (Counts 13, 14, 15, 17, 18, 19, 20, 21, 22), or in any of the offenses charging wire fraud wherein the Security National Bank was the victim (Counts 6, 7, 10, 16), or in the two offenses charging transportation of a security taken by fraud (Counts 8 and 11), or in the conspiracy alleged in Count 12. Rule 8(b), Fed.R.Crim.P., 18 U.S.C., allows joinder of defendants in the same indictment "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." I think it would be error to try Edward H. Talenfeld for the con-

---

**1.** See Government's brief page 9 (this page is erroneously numbered, it being the second-page 9 in the brief.)

spiracy alleged in Count 9 in conjunction with the other counts identified in this paragraph.

■ In my judgment, the mail fraud counts, i. e., Counts 1, 2, 3, 4, 5, 13, 14, 15, 17, 18, 19, 20 and 21 and the wire fraud counts i. e., Counts 6, 7, 10 and 16, and the transportation of security counts, i. e., Counts 8 and 11, should be severed and tried together. Rule 8(a), Fed.R. Crim.P., 18 U.S.C. It seems that these counts against the same defendants present a series of acts or transactions constituting offenses connected together and constituting part of a common scheme or plan.

■ As above noted Count 9 is a conspiracy count indicting all four defendants for violating the National Stolen Property Act alleged to have been committed by only three of the defendants under facts alleged in Count 8,—the period of the conspiracy being from *January 11, 1958* to March 14, 1960; and Count 12 is a conspiracy count indicting three defendants for violating the National Stolen Property Act under facts alleged in Count 11, the period of the conspiracy being from *January 11, 1957* to March 14, 1960. In my opinion, in view of the different periods of conspiracy alleged and the pre-conspiracy overt acts alleged in Count 9, to try both of these conspiracy counts together or to try either or both with the other counts in the indictment would be prejudicial to the defendants and particularly to the defendant Edward H. Talenfeld. Hence, pursuant to Rule 14, Fed.R.Crim.P., Count 9 should be severed and tried separately, and Count 12 should be severed and tried separately.

■ Since the defendant, Earl Belle, has not been arrested and is now a fugitive, Count 22 indicting him alone for mail fraud should be severed at this time. The Government agrees to this disposition.[2]

Count 23 charges that all four defendants did make and cause to be made false proxy statements of Cornucopia Gold Mines to the S.E.C. on May 29, 1958 and April 3, 1958, in violation of Title 18 U.S.C. §§ 1001 and 2.

Count 24 charges all four defendants with conspiracy to violate §§ 1001 and 2. This conspiracy is alleged to have begun on or about November 18, 1957 and continued through May 29, 1958. The overt acts alleged number 17. These overt acts include false proxy statements of Cornucopia Gold Mines and 7 subsidiary corporations which the defendants allegedly caused to be made and submitted to the S.E.C.

■ In my opinion, in order to prevent prejudice to the defendants, Counts 23 and 24 should be severed and tried together. Rule 14, Fed.R.Crim.P.

Count 25 charges that all four defendants did cause to be prepared a false affidavit signed by one Steiner and caused it to be submitted to the S.E.C. in violation of Title 18 U.S.C. §§ 1001 and 2.

Count 26 charges that all the defendants devised a scheme to defraud the S.E.C. and to obtain money and property by causing Steiner's false affidavit to be sent to the S.E.C., and for the purpose of executing said scheme to defraud caused the said false affidavit to be mailed in violation of Title 18 U.S.C. §§ 1341 and 2.

Count 27, except for alleging another date and a different affiant, charges all the defendants with the same crime alleged in Count 25.

Count 28 charges all the defendants with conspiracy to violate §§ 1001 and 2. This conspiracy is alleged to have begun on or about August 6, 1957 and continued through August 27, 1957. Of the 14 overt acts alleged, only 4 can be interpreted as having occurred during the period of the conspiracy, the others, except overt act 10, which avers "time * * * unknown", having occurred prior to the period or subsequent thereto. This conspiracy count refers to and incorporates therein the scheme to deceive or defraud the S.E.C. as set forth in Counts 25, 26, and 27.

2. Record of oral argument, pp. 35, 36.

Count 29 charges all defendants, between May 1, 1957 through August 4, 1957, with violating Title 15 U.S.C.A. § 78i(a) (2), viz.: to effect a series of transactions in the stock of Cornucopia Gold Mines on the American Stock Exchange, creating actual and apparent active trading in said stock and raising the price thereof for the purpose of inducing the purchase and sale thereof by others.

Counsel for defendants agree that Counts 25, 26, 27, 28 and 29 should be severed and tried together.[3]

The Government shall notify defendant and the court within 10 days which count or group of counts as above specified it elects to try first.

It is so ordered

---

3. Record of oral argument, pp. 24, 25.